UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F HOFFMANN, Plaintiff, v. E OLIVEROS, Defendant. | Case No. 18-cv-06577-JD <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** <br> Re: Dkt. Nos. 2, 14 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. This case was removed from state court by defendant who has paid the filing fee. The Court has reviewed the original and amended complaints.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was denied access to state court.  Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 354-55.

Plaintiff alleges that defendant on various occasions delayed his mail to state court. Defendant allegedly delayed mail until proper postage was provided and stated that certain legal mail was not legal mail.  It appears that the state court case involved plaintiff's children and the Lassen County Department of Child Social Services.  The complaint is dismissed with leave to amend to provide more information.  To present a constitutional claim plaintiff must show an actual injury due to defendant's action and that plaintiff was pursuing a claim concerning his conviction or conditions of confinement.

**CONCLUSION**

1. The motion to screen the complaint (Docket Nos. 2, 14) is **GRANTED**. The amended complaint is **DISMISSED** with leave to amend. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 4, 2018

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F HOFFMANN,<br><br>    Plaintiff,<br><br>    v.<br><br>E OLIVEROS,<br><br>    Defendant. | Case No. 18-cv-06577-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 4, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kasey F Hoffmann ID: K36451
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960-0705

Dated: December 4, 2018

                                      Susan Y. Soong
                                      Clerk, United States District Court

                                      By: /s/ Lisa R. Clark
                                      LISA R. CLARK, Deputy Clerk to the
                                      Honorable JAMES DONATO