UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F HOFFMANN,<br><br>Plaintiff,<br><br>v.<br><br>E OLIVEROS,<br><br>Defendant. | Case No. 18-cv-06577-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 17 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. This case was removed from state court by defendant. The original and amended complaints were dismissed with leave to amend and plaintiff has filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was denied access to state court and defendant retaliated against him. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id*. at 354-55.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional

2

rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Plaintiff alleges that defendant on various occasions delayed his mail to state court. However, plaintiff was involved in litigation regarding his children and Lassen County Child Support Services. Plaintiff has failed to show an actual injury in his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. Plaintiff also states that defendant threatened to write him up and declassify his legal documents for plaintiff's failure to comply with an underground regulation, though plaintiff does not describe this underground regulation or what defendant requested. Plaintiff has failed to present sufficient allegations to support the elements of a retaliation claim as set forth above. Plaintiff's remaining allegations also fail to set forth federal claims. The second amended complaint is dismissed with leave to amend and plaintiff will be provided one last opportunity to provide more information to meet the legal standards for his claims.

**CONCLUSION**

1. The motion to screen the complaint (Docket No. 17) is **GRANTED**. The second amended complaint is **DISMISSED** with leave to amend. The third amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words THIRD AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice

3

of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 4, 2019

_____
JAMES DONATO
United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

KASEY F HOFFMANN,

    Plaintiff,

v.

E OLIVEROS,

    Defendant.

Case No. 18-cv-06577-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 4, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kasey F Hoffmann ID: K36451
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960-0705

Dated: February 4, 2019

Susan Y. Soong
Clerk, United States District Court

By:_____
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO