UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F HOFFMANN,<br><br>    Plaintiff,<br><br>v.<br><br>E OLIVEROS,<br><br>    Defendant. | Case No. 18-cv-06577-JD<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983, that was removed from state court. The second amended complaint was dismissed with leave to amend and plaintiff has filed a third amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was denied access to state court, his mail was improperly screened and handled and defendant retaliated against him. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 354-55.

The inspection for contraband of non-legal mail does not violate a prisoner's constitutional rights. *See Witherow v. Paff*, 52 F.3d at 264, 265-66 (9th Cir. 1995) (upholding inspection of outgoing mail); *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991) (upholding inspection of incoming mail); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding inspection of outgoing and incoming mail). Neither the Supreme Court nor the Ninth Circuit has determined whether prison officials are entitled to read inmates' outgoing and incoming non-legal mail.

Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming

2

mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court).[1] But "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017). *See also O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government). The Sixth Amendment also protects the right of a prisoner to be present while legal mail relating to criminal proceedings is opened. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017). A plaintiff need not allege a longstanding practice of having his mail opened outside his presence in order to state a claim for relief. *Hayes*, 849 F.3d at 1218 (allegation that protected mail was opened outside plaintiff's presence on two separate occasions sufficient to state First Amendment claim); *Mangiaracina*, 849 F.3d at 1202 (absence of a clear pattern beyond two incidents of mail opening did not preclude Sixth Amendment relief). Nor is a plaintiff required to show any actual injury beyond the violation itself. *Hayes*, 849 F.3d at 1212. If prison officials open legal mail outside a prisoner's presence, they must establish that legitimate penological interests justify the policy or practice. *Hayes*, 849 F.3d at 1213; *see also O'Keefe*, 82 F.3d at 327 (mail policy that allows prison mailroom employees to open and read grievances sent by prisoners to state agencies outside prisoners' presence reasonable means to further legitimate penological interests).

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional

---

[1] Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not "legal mail." *See Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998).

rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Plaintiff alleges that defendant on various occasions interrupted his mail to state court. However, plaintiff was involved in litigation regarding his children and Lassen County Child Support Services. Plaintiff has failed to show an actual injury in his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. His claim regarding access to the courts is dismissed with prejudice.

Plaintiff also states that defendant improperly screened and handled his confidential and legal mail on several occasions between May 25 and May 30, 2018. To the extent he raises claims regarding non-legal mail, those claims are dismissed for failure to state a claim because plaintiff has failed to provide sufficient allegations and neither the Supreme Court nor the Ninth Circuit has determined whether prison officials are entitled to read inmates' outgoing and incoming non-legal mail. With respect to his claims that defendant improperly screened and handled plaintiff's legal mail, liberally construed this claim is sufficient to proceed.

Plaintiff has also been provided several opportunities to amend with respect to his claim of retaliation and he has been advised to provide more information in order to state a claim. Plaintiff argues that defendant threatened plaintiff with disciplinary action for exercising his rights, but he provides no more information. Docket No. 32 at 5. Plaintiff filed a grievance regarding the screening of his mail and defendant allegedly stated that, "she was completely within her rights, and that nothing would change. That she would continue to run the mail room as [she] chooses to and my best bet was to follow her rules." *Id*. Even liberally construed, this does not meet the elements of retaliation. Plaintiff later states that defendant improperly screened his legal mail because he would not follow her rules, and this demonstrates retaliation. While improper screening of mail states a separate claim, plaintiff has still failed to demonstrate that the improper screening was in retaliation for any protected conduct. The retaliation claim is dismissed with prejudice.

**CONCLUSION**

1. The case will go forward on plaintiff's federal claim that his legal mail was improperly handled and screened by defendant and the related state law claims. All other claims are dismissed with prejudice. Service need not be ordered because defendant has already appeared in this case.

2. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than sixty days from the date of service, defendant will file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and include as exhibits all records and incident reports stemming from the events at issue. If defendant believes the case cannot be resolved by summary judgment, he should inform

4

the Court before the date his summary judgment motion is due. All papers filed with the Court must be promptly served on the plaintiff.

        b.     At the time the dispositive motion is served, defendant nust also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

        c.     Plaintiff's opposition to the dispositive motion, if any, must be filed with the Court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

        d.     If defendant chooses to file a reply brief, he must do so no later than fifteen days after the opposition is served upon him.

        e.     The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 11, 2019

JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

KASEY F HOFFMANN,

    Plaintiff,

v.

E OLIVEROS,

    Defendant.

Case No. 18-cv-06577-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 11, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kasey F Hoffmann ID: K36451
P.O. Box 608
D-5-6L
Tehachapi, CA 93581

Dated: July 11, 2019

                                      Susan Y. Soong
                                      Clerk, United States District Court

                                      By: *Lisa R. Clark*
                                      LISA R. CLARK, Deputy Clerk to the
                                      Honorable JAMES DONATO