UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>        Plaintiff,<br><br>    v.<br><br>E. OLIVEROS,<br><br>        Defendant. | Case No. 18-cv-06577-JD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 42 |

Kasey Hoffman is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. This case proceeds with allegations that the sole defendant, Oliveros, improperly screened and handled plaintiff's legal mail being sent to the Lassen County Department of Child Support Services in violation of federal and state law. Defendant has filed a motion for summary judgment on the federal claim on administrative exhaustion grounds[1], and a motion to dismiss the state law claims for failure to properly comply with California's Government Claims Act. Plaintiff filed an opposition and defendant filed a reply. The motion for summary judgment is denied and the motion to dismiss is granted.

**BACKGROUND**

The salient facts are undisputed. The California Department of Corrections and Rehabilitation ("CDCR") provided an administrative appeals process, in accordance with Title 15 of the California Code of Regulations, that permitted an inmate to appeal any departmental decision, action, condition, or policy that had a material adverse effect on the inmate's health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a). Inmates could initiate a review by submitting a CDCR 602 Form, commonly referred to as an appeal form, that described the issue and the requested action. Cal. Code Regs. tit. 15, § 3084.2(a).

---

[1] The appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted is a motion for summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014)

This process consisted of three levels of appeal: (1) first-level appeal, (2) second-level appeal to the institution head or designee, and (3) third-level appeal to the Secretary of CDCR. Cal. Code Regs. tit. 15, § 3084.7. First- and second-level appeals were handled by staff located at the respective institutions, while third-level non medical appeals were decided by CDCR staff at the Office of Appeals. Motion for Summary Judgment ("MSJ"), Spaich Decl. ¶ 4. A substantive decision on an appeal at the third level exhausted CDCR's administrative remedies. *Id*. at ¶ 3.

Plaintiff alleges that his mail was tampered with by defendant, the mailroom supervisor, between May 25-30, 2018. Third Amended Complaint (Docket No. 32) at 2. Between May 25, 2018 and May 30, 2019, plaintiff filed five appeals that were fully exhausted with the Office of Appeals. MSJ, Spaich Decl. ¶ 9. None of those appeals related to the allegations in this action. *Id*. ¶¶ 8-14.

On June 3, 2018, plaintiff filed inmate appeal CTF-S-18-01674, alleging that defendant had again mishandled handled his legal mail. MSJ, Monroy Decl. ¶ 8. This appeal was bypassed at the first level and was rejected at the second level for lack of sufficient factual detail and failing to provide the name and address of the intended recipient of the legal mail. Monroy Decl. Ex. B. at 10 of 13. Plaintiff was given an opportunity to cure these deficiencies. *Id*. Plaintiff responded that he was attempting to send his legal mail to the Lassen County Department of Child Support Services, and he cited various state laws and regulations. *Id*. This response was again rejected. *Id*. at 11 of 13. Plaintiff again attempted to cure the deficiencies, responding that the mail was sent to Lassen County Department of Child Support Services and qualifies as legal mail. *Id*. He again cited various state laws and regulations. *Id*. This response was also rejected. *Id*. at 12 of 13. The rejection letter stated that he attached exhibits, supporting documents, and dividers and tabs that were not permitted. *Id*.

Plaintiff did not file any more appeals over the incident in this case, and none appear to have been reviewed at the third level of review. MSJ, Monroy Decl. ¶ 9; Spaich Decl. ¶¶ 8-14. On July 6, 2018, plaintiff filed this suit in state court, which defendant removed to this Court. Docket No. 1 at 4 of 93.

In August 2018, plaintiff was interviewed by defendant about appeal CTF-S-18-01674 and the processing of legal mail. Monroy Decl. Ex. B. at 3 of 13. Plaintiff withdrew the appeal, stating that per his conversation with defendant that same day, an understanding was reached regarding staff training. *Id*.

**MOTION FOR SUMMARY JUDGMENT**

**Legal Standard**

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

The Court may grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id*. The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324.

The Court views the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the Court will assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The Court will not make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"The PLRA [Prison Litigation Reform Act] mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." *Albino*, 747 F.3d at 1171 (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)). To the extent that the evidence in the record permits, the appropriate procedural device for pretrial determination of whether administrative remedies have been exhausted under the PLRA is a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id*. at 1168. The burden is on the defendant to prove that there was an available administrative remedy that the plaintiff failed to exhaust. *Id*. at 1172. If the defendant meets that burden, the prisoner must then present evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Id*. The ultimate burden of proof remains with the defendant, however. *Id*. If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id*. at 1166. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id*.

An inmate "need not exhaust unavailable [remedies]." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative remedy is unavailable "when (despite what regulations or guidance materials may promise) it operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; or when "an administrative scheme [is] so opaque that it becomes, practically speaking, incapable of use, [i.e.,] some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate [the mechanism]"; or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1859-60.

**Discussion**

With respect to the federal claim, defendant argues for summary judgment on the ground that plaintiff's appeal was not reviewed at the third and final level, and so is not administratively exhausted. Defendant says that the appeal was rejected three separate times in June 2018 at the second level of review, and never went past that stage.

4

But it is undisputed that plaintiff was interviewed about the appeal in August 2018. According to the appeal that defendant has attached as an exhibit, plaintiff withdrew the appeal on August 1, 2018, after reaching an understanding with defendant. MSJ, Monroy Decl. Ex. B. at 3 of 13. The appeal was then deemed withdrawn. *Id*. Ex. A; Ex. B at 3 of 13.

Defendant does not address these facts and how they relate to exhaustion. It is also unclear whether interviewing a prisoner more than a month after as appeal has been rejected is a practice that might amount to a final review for exhaustion purposes. It certainly appears that plaintiff voluntarily withdrew the appeal because a final resolution had been reached on his concerns. "An inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." *Harvey v. Jordan*, 605 F.3d 681, 685 (9th Cir. 2010) (claim exhausted where inmate requested either new disciplinary hearing or that charges be dismissed and was granted new hearing at lower level, despite the fact that he did not further appeal that "partial" grant). If defendant does not view the resolution of the appeal as a grant or partial grant, it was defendant's responsibility to present facts to that effect.

It is also worth noting that plaintiff states in his declaration that defendants said she runs the mailroom how she chooses and that nothing is going to change that. Docket No. 45 at 2. Plaintiff rather understandably says that he felt the appeals process was a dead end in light of that. *Id*. Defendant says in reply that there is no evidence she reviewed plaintiff's grievance. Docket No. 47 at 4-5. What this means is not clear, and in any event does not directly address plaintiff's declaration.

The record as it currently stands indicates that the appeal was partially granted. In *Albino*, the Ninth Circuit noted that "the ultimate burden of proof remains with the defendant." *Id*. at 1172. Here, the relationship between the June 2018 cancellations and the August 2018 interview and withdrawal has not been adequately addressed by defendant. This is not a situation where material facts are disputed and a preliminary hearing should he held to determine the facts. There are various issues regarding exhaustion that have not been fully developed and arguments that have not presented. Defendant has failed to meet her burden and has not demonstrated that plaintiff failed to exhaust, and so the motion for summary judgment is denied.

**MOTION TO DISMISS**

**Legal Standard**

Defendants also move to dismiss the state law claims. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly* at 556). In evaluating a motion to dismiss, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

The California Torts Claims Act also known as the California's Government Claims Act ("GCA") requires that a party seeking to recover money damages from a public entity or its employees must submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2; *see also Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208 (2007) ("Before suing a public entity, the plaintiff must present a timely written claim . . .") (*superseded by statute on other grounds*). "The legislature's intent to require the presentation of claims before suit is filed could not be clearer." *City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 746 (2007) (citing Cal Gov't § 945.4). "The purpose of providing public entities with sufficient information to investigate claims without the expense of litigation is not served if the entity must file a responsive pleading alerting its opponent to the claim requirements." *Id*. Timely claim presentation is not merely a procedural requirement

6

of the GCA but is an element of a plaintiff's cause of action. *Shirk*, 42 Cal. 4th at 209. Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id*. The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

**Discussion**

Defendant argues that the state law claims must be dismissed because plaintiff failed to comply with the claim presentation requirement of the GCA. The claims filed by plaintiff with the government claims program within one year of the incident in this case do not involve the allegations of mail tampering.[2] Plaintiff concedes that his mail tampering allegations were not included in the claims the government claims program received. Plaintiff argues that he submitted a claim form on August 15, 2018, regarding defendant and her mail tampering that was not received by the government claims program. He contends that because he sent the claim form, his state claims should proceed. Plaintiff includes a copy of the claim form he purports to have sent. Docket No. 45 at 18-19. Defendant objects, arguing that the document has not been properly authenticated.

The underlying events in this case occurred between May 25 and May 30, 2018. Plaintiff filed his state court case regarding the mail tampering on July 6, 2018. Docket No. 1 at 4 of 93. On the state court complaint form, plaintiff indicated that he had complied with the applicable claims statutes. Docket No. 1 at 3 of 93. This appears to be incorrect if plaintiff did not submit his claims form until August 15, 2018. Moreover, a suit for state law claims cannot commence until the government claims board has had an opportunity to review the claim. Plaintiff states in opposition to this motion that he knows the process for filing claims. These discrepancies raise questions regarding the authenticity of plaintiff's government claims form and whether he sent it on August 15, 2018.

---

[2] The Court takes judicial notice of the government claims records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

7

Regardless, the Court will assume for purposes of this motion that plaintiff sent the claims form on August 15, 2018, to the appropriate state agency and the agency never received it. If that is what occurred, plaintiff still failed to substantially comply with the GCA's filing requirements. Presentation of a written claim and action on or rejection of the claim by the Government Claims Board are conditions precedent to suit. Cal. Gov't Code § 945.4; *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *California v. Super. Ct.*, 32 Cal. 4th 1234, 1239-40 (Cal. 2004).

Misdirected claims that are not presented in compliance with California Government Code § 915, which requires claims to be delivered to the clerk, secretary, or auditor of the particular public entity, are only deemed to have substantially complied if they are actually received by the entity. *Jud. Council of Cal. v. Super. Ct.*, 229 Cal. App. 4th 1083, 1086-87, 1100-01 (2014); *see also Guerrero v. Cnty. of Alameda*, No. 18-2379 WHA, 2018 WL 3646818, at *2-3 (N.D. Cal. Aug. 1, 2018) (holding GCA barred suit where plaintiff's citizen's complaint was submitted to the Internal Affairs Department of the Alameda County Sheriff's Office, not to the Clerk of the Alameda County Board of Supervisors)*; Life v. Cnty. of Los Angeles*, 227 Cal. App. 3d 894, 901 (1991) (holding that the GCA barred suit even where a public employee failed to forward a misdirected claim to the appropriate agency).

Plaintiff has failed to show that his claims form was received by the appropriate agency and that he substantially complied with the GCA. Defendant's motion to dismiss is granted and the state law claims are dismissed.

**CONCLUSION**

1. Defendant's motion for summary judgment is **DENIED** and the federal claim continues.

2. Defendant's motion to dismiss is **GRANTED** and the state law claims are **DISMISSED**. The Clerk shall terminate Docket No. 42.

3. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than ninety days from the date of service, defendant will file a motion for summary judgment or other dispositive motion on the merits of the complaint. The

1    motion must be supported by adequate factual documentation and shall conform in all respects to

2    Federal Rule of Civil Procedure 56, and include as exhibits all records and incident reports

3    stemming from the events at issue.  If defendant believes the case cannot be resolved by summary

4    judgment, she should inform the Court before the date her summary judgment motion is due.  All

5    papers filed with the Court must be promptly served on the plaintiff.

6               b.    At the time the dispositive motion is served, defendant must also serve, on a

7    separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-

8    54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003).  *See*

9    *Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at

10   the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not

11   earlier); *Rand* at 960 (separate paper requirement).

12              c.    Plaintiff's opposition to the dispositive motion, if any, must be filed with

13   the Court and served upon defendant no later than thirty days from the date the motion was served

14   upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is

15   provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and

16   *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

17              d.    If defendant chooses to file a reply brief, she must do so no later than fifteen

18   days after the opposition is served upon her.

19              e.    The motion will be deemed submitted as of the date the reply brief is due.

20   No hearing will be held on the motion unless the Court so orders at a later date.

21       4.     All communications by plaintiff with the Court must be served on defendant, or

22   defendant's counsel, by mailing a true copy of the document to defendants or defendants' counsel.

23       5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

24   No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the

25   parties may conduct discovery.

26       6.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

27   informed of any change of address by filing a separate paper with the clerk headed "Notice of

28   Change of Address."  He also must comply with the Court's orders in a timely fashion.  Failure to

1  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
2  Civil Procedure 41(b).
3  **IT IS SO ORDERED.**
4  Dated: June 9, 2020

JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.